**In re SPECIALTY RETAIL CONCEPTS, INC., d.b.a. Peanut Shack of America, Inc., Coffee Tea & Thee, The Cookie Store, Tin Can Alley, Jo–Ann's Nut House, and Chez Chocolat, Debtor.**

**SPECIALTY RETAIL CONCEPTS, INC., Plaintiff,**

**v.**

**RSB, INC., and Sandra Burch, individually, Defendants.**

**Bankruptcy No. C–B–88–00375. Adv. No. 88–1939.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 15, 1989.

Garland S. Cassada, Charlotte, N.C., for plaintiff.

Robert H. Gourley, Statesville, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendants' Objection, filed June 9, 1989, to an Order of Judge Marvin R. Wooten, United States Bankruptcy Judge. On May 19, 1989, Judge Wooten signed an Order (1) Granting Plaintiff's Motion for Summary Judgment; (2) Denying Defendants' Motion for leave to amend their Answer and Counterclaim; and (3) Compelling Defendants' Discovery. Defendants timely filed their Objections to the May 19, 1989 Order. The Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(c)(1).

## I. PROCEDURAL BACKGROUND

Plaintiff Specialty Retail Concepts, Inc. (SRC) is a franchisor, who has filed for bankruptcy under Chapter 11 and Defendants Burch and RSB, Inc. (RSB) are franchisees for two snack foods stores. In this adversary proceeding, SRC essentially claims that Defendants owe SRC for fran-chise fees and advertising fees, for the outstanding balance due on a promissory note, and for products ordered by and delivered to Defendants. In the Answer, Defendants deny liability to SRC because of alleged breaches of contractual arrangements between the parties, specifically the following:

1. That SRC breached its franchise agreements with Defendants by allegedly receiving rebates from two of Defendants' suppliers; and

2. That SRC breached its franchise agreements with Defendants by constantly promising promotions to Defendants that never materialized.

Defendants counterclaim against SRC, on the first breach, for money damages resulting from SRC's alleged receipt of rebates and, on the second breach, for a declaration that the franchise agreements are null and void.

After discovery concluded, SRC on February 16, 1989, filed a Motion for Summary Judgment on its claims against Defendants and on Defendants' counterclaims against SRC. On March 20, 1989, Defendants filed a Motion to Amend Answer and Counterclaim. Both Motions are now pending before the Court.

## II. STANDARD OF REVIEW

The standard of review for this action is clear. Section 157(c)(1) of Title 28 of the United States Code provides in pertinent part:

[In a non-core proceeding related to a case in bankruptcy], the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matter to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (Supp. V 1987). Further, Rule 9033(d) of the Bankruptcy Rules provides that:

The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Bankr.R. 9033(d).

In accordance with section 157 and Bankruptcy Rule 9033, the Court has conducted a *de novo* review of the portions of Judge Wooten's May 19, 1989 Order to which Defendants specifically objected. In conducting this *de novo* review, the Court has considered the entire record transmitted to the Court, including among other things, the parties' motions, the transcript of Defendant Burch's deposition testimony, and the transcript of the hearing before Judge Wooten.

### III. FINDINGS OF FACT

The Court has reviewed *de novo* Defendants' Objections to Judge Wooten's Findings of Fact. After a review of Judge Wooten's Order and the record, the Court finds that the undisputed facts essential to the disposition of the pending matters are as follows.

In 1983, Defendants opened one "Peanut Shack" store at the Catawba Mall in Hickory, North Carolina. In 1984, Defendants opened another "Peanut Shack" store at the Lenoir Mall in Lenoir, North Carolina. In connection with each store, Defendants executed a separate franchise agreement (hereafter the "Franchise Agreements"). Defendant Burch signed the Franchise Agreement for the Catawba Mall store only in her representative capacity for Defendant RSB. Defendant Burch signed the Franchise Agreement for the Lenoir Mall store, however, both in her representative capacity binding Defendant RSB and in her individual capacity binding herself to the same extent as if personally named as the franchisee. Defendant Burch also person-

ally guaranteed the payment of debts arising out of the operations of the Lenoir Mall store. The Franchise Agreements provided, among other things:

1. That Defendants were obligated to pay for products ordered and delivered to Defendants under the Franchise Agreements;

2. That in exchange for using SRC's operating system and the name "Peanut Shack," Defendants would pay franchise fees to SRC equal to five percent of Defendants' gross sales and advertising fees to SRC equal to one percent of gross sales up to an annual maximum of $1,500, as the term "gross sales" was defined in the Franchise Agreement;

3. That upon the request of and at no extra charge to Defendants, SRC would provide Defendants with advice regarding equipment, purchasing, and promotion.

On March 1, 1986, Defendant Burch individually signed and delivered to SRC a promissory note (the "Promissory Note"). Defendant Burch executed the Promissory Note in satisfaction of the outstanding franchise fees and advertising fees due SRC from the Lenoir Mall store through December 31, 1985. Defendant Burch secured the payment of the Promissory Note with the inventory, equipment, and leasehold improvements located at the Lenoir Mall store. In March 1988, Defendant Burch ceased making payments on the Promissory Note. SRC has made demand on Defendant Burch for payment, but as of March 31, 1989, Defendant Burch owed a total amount of $1,223.75 on the Promissory Note.

Since January 1, 1986, Defendants have failed to make any payments for franchise fees or advertising fees, as required under the Franchise Agreements, despite receiving benefits under the Franchise Agreements.

### IV. CONCLUSIONS OF LAW

The Court's standard for considering motions for summary judgment is clear. Summary judgment is appropriate when the pleadings, responses to discovery, and

the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); Bankr.R. 7056. The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party, however, is not required to submit affidavits and other evidence that negate the non-moving party's claims or defenses. *Id.* After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine .issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita*, 106 S.Ct. at 1356.

### A. Defendants' Counterclaims

1. Defendants' Counterclaim Regarding SRC's Receipt of Rebates from Suppliers

■ The first defense and counterclaim alleged by Defendants concerns SRC's alleged receipt of rebates. Defendants contend that SRC received rebates that were due Defendants from Coca–Cola and National Icee, two of Defendants' suppliers.

After a careful review of the entire record, the Court is firmly convinced that no evidence exists to support Defendant's contention that SRC allegedly received rebates from suppliers that were due Defendants. SRC has offered the affidavit of its President, Mr. Alan Kleinmaier, who expressly denies that SRC ever received rebates from Defendants' suppliers. From the deposition testimony of Defendant Burch, it is apparent that Defendant Burch had no personal knowledge that SRC was receiving rebates from Defendants' suppli-

ers, but only had heard that the receipt of rebates from suppliers was a common practice in her industry. The Court is of the opinion, thus, that no genuine issue of material fact exists regarding this counterclaim of Defendants and that SRC is entitled to summary judgment in its favor on the defense and counterclaim that SRC breached the Franchise Agreements by receiving rebates from Defendants' suppliers.

■ Defendants have attempted to overcome the lack of evidence to support their own counterclaim by filing a Motion to Amend Answer and Counterclaim. In the proposed amendment, Defendants essentially claim that SRC's failure to inform Defendants of the trade practice involving the receipt of rebates from suppliers was poor advice and, thus, a breach of the Franchise Agreements. Defendants contend, further, that because Defendants followed SRC's advice and paid more for the purchase of products from Coca–Cola and National Icee than if Defendants had purchased the same products from other suppliers, SRC breached its Franchise Agreements with Defendants by giving Defendants poor advice.

Agreeing with the Bankruptcy Judge, the Court shall deny Defendants' Motion to Amend. Defendants filed this Motion on March 20, 1989. The Pre-trial Order in this case filed on November 4, 1988, however, clearly requires the parties to complete all amendments to the pleadings within fourteen days of the filing of the Pre-trial Order. The time for filing any motions to amend the pleadings long since had expired. Moreover, the parties had completed discovery over a month before Defendants filed the Motion to Amend. The Court believes that the interests of justice do not require the granting of the Motion to Amend. Defendants, however, have failed to offer sufficient justification for failing to allege in the Answer this particular type of breach of contract or for not filing any sooner the Motion to Amend. The Court, consequently, shall deny Defendants' Motion to Amend Answer and Counterclaim.

2. Defendants' Counterclaim Regarding SRC's Breach of Contract for Failing to Provide Defendant with Assistance

■ The second defense and counterclaim alleged by Defendants concerns SRC's alleged breach of the Franchise Agreements for failing to provide Defendants with assistance, as required by the Franchise Agreements. In his Order, Judge Wooten concluded that SRC was entitled to summary judgment in its favor on this defense and counterclaim.

After carefully considering the record, the Court agrees with the Bankruptcy Judge and believes that SRC is entitled to summary judgment in its favor on this counterclaim of Defendants. First, Paragraph 7 of the Franchise Agreement clearly provides that upon the request of and at no extra charge to Defendants, SRC would provide Defendants with advice regarding equipment, purchasing, and promotion. During her deposition, Defendant Burch stated under oath that she did not contact SRC and that there was no communication between SRC and Defendants during the time that she operated the two stores. Moreover, in the affidavit of SRC's President, Mr. Kleinmaier states that Defendants never requested assistance from SRC and that Defendants never complained to SRC about a failure to provide assistance.

Second, although Defendants now seek a declaration that the Franchise Agreements are null and void, the evidence clearly shows that Defendants continued to use the name "Peanut Shack" in connection with the Lenoir Mall store during the pendency of this litigation and continued to enjoy other benefits made available through the Franchise Agreements. Consequently, the Court believes that Defendants' attempt for a declaration that the Franchise Agreements are null and void is without merit and should be denied.

■ Third, the clause in the Franchise Agreements providing for franchise fees clearly provides that Defendants shall make the franchise fee payments to SRC for the rights granted under the Franchise Agreements, but not as consideration for any of the services provided for in Paragraph 7 or any other services. The Court concludes, thus, that Defendants have failed to establish that SRC's alleged failure to provide assistance is a defense to the payment of the franchise fees under the Franchise Agreements.

After carefully considering the record in reference to Defendants' second defense and counterclaim, the Court believes that a genuine issue of material fact does not exist and that SRC is entitled to judgment as a matter of law. The Court concludes, therefore, that SRC is entitled to summary judgment in its favor on this counterclaim of Defendants.

## B. SRC's Claim for Franchise Fees and Advertising Fees

In his Order, Judge Wooten concluded that SRC was entitled to summary judgment in its favor on its claims for franchise fees and advertising fees.

■ After a careful review of the record, the Court concludes that summary judgment is appropriate on this claim and that Defendants are liable to SRC for franchise fees and advertising fees under the Franchise Agreements. Defendant Burch signed the Franchise Agreement for the Lenoir Mall store in both her representative and individual capacities, binding both RSB and herself. Defendant Burch signed the Franchise Agreement for the Catawba Mall store only in her representative capacity for RSB. In each of the Franchise Agreements, the franchisees promised to pay franchise fees and advertising fees to SRC based upon a percentage of gross sales. Since January 1, 1986, however, Defendants have not made any payments to SRC for franchise fees and advertising fees despite receiving benefits under the Franchise Agreements and making sales for the same time period. The Court concludes, therefore, that SRC has satisfied its initial burden and shown that no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law on its claim for the payment of franchise fees and

advertising fees under the Franchise Agreements.

The burden, thus, shifts to Defendants to show that a genuine issue of material fact exists and that SRC is not entitled to judgment as a matter of law. In attempting to meet the burden, Defendants rely, first, upon the alleged breaches of the Franchise Agreements contained in Defendants' Answer and Counterclaim and, second, upon a defense not specifically argued previously.

First, the Court already has determined that as a matter of law, SRC is entitled to summary judgment in its favor on the defenses and counterclaims contained in Defendants' Answer.

Second, the Court will consider Defendants' final attempt to avoid summary judgment, which apparently was not a specific defense in Defendants' Answer. Defendants finally contend that although Defendants did not request advice from SRC, SRC voluntarily provided Defendants with business advice and, thus, modified the course of dealing between SRC and Defendants. Further, Defendants now contend that the unsolicited business advice was unsound and, thus, that SRC breached its Franchise Agreements with Defendants. All of the alleged unsolicited advice concerns Defendants' use of Coca–Cola and National Icee as suppliers, which use apparently resulted in financial losses to Defendants.

Defendants evidently again are attempting to raise a defense to liability for the payment of franchise fees and advertising fees that Defendants failed to raise in the Answer. At the hearing before the Bankruptcy Court, SRC specifically addressed this defense. Because of SRC's apparent acquiesence in allowing Defendants to raise this defense, the Court will consider it.

The Court is unable to find in the record any competent evidence that SRC provided Defendants with unsolicited, allegedly unsound business advice. In his affidavit, Mr. Alan Kleinmaier, states that neither he, as SRC's President, nor any other representative of SRC suggested to Defendants to purchase products from Coca–Cola or National Icee. During her deposition, Defendant Burch stated under oath that SRC had provided assistance to Defendants in selecting Coca–Cola and National Icee as suppliers for Defendants. Defendant Burch conceded, however, that she was not a part of the original negotiations and decision-making with either SRC, Coca–Cola, or National Icee and that her statements were based on conversations that she had with her former husband. The Court concludes that Defendant Burch had no personal knowledge of any assistance rendered to Defendants by SRC and that Defendants have failed to place in the record any competent evidence showing that a material fact exists in regards to this defense. The Court concludes, therefore, that no competent evidence exists in the record to factually support this defense.

Because the Court has rejected Defendants' defenses and counterclaims to SRC's claim for franchise fees and advertising fees, the Court concludes that no genuine issue of any material fact exists regarding SRC's claim for the payment of franchise fees and advertising fees. SRC, therefore, is entitled to summary judgment in its favor on these claims. Defendants Burch and RSB are jointly and severally liable for the franchise fees and advertising fees associated with the Lenoir Mall store. Only Defendant RSB is liable for the franchise fees and advertising fees associated with the Catawba Mall store.

Defendants have provided the gross sales figures for Defendants' fiscal year, which ends July 31 of each year. Apparently, the amount of gross sales for each fiscal year provided by Defendants, however, is the sum of the gross sales for the Lenoir Mall store and the gross sales for the Catawba Mall store. To determine accurately the amount of liability of each Defendant for each store, the Court must have the amount of gross sales for the Lenoir Mall store for the relevant years and, separately, the amount of gross sales for the Catawba Mall store for the relevant years. Because of this perceived lack of specificity in the record, the Court shall recommit this issue to the Bankruptcy

Court for further proceedings to determine the appropriate amount of relief to afford SRC on its claim for franchise fees and advertising fees. The Bankruptcy Court shall direct Defendants to provide the Court with the relevant evidence within a reasonable time, consistent with the Bankruptcy Court's standard practices.

### C. SRC's Claim for Payment on the Promissory Note

■ In his Order, Judge Wooten concluded that SRC was entitled to summary judgment in its favor on its claim for payment on the Promissory Note.

After carefully reviewing the record, the Court also concludes that summary judgment is appropriate and that SRC is entitled to payment on the Promissory Note. SRC has shown that Defendant Burch signed the Promissory Note calling for regular monthly payments in specific amounts, that SRC has made demand on Defendant Burch for payment, and that the Promissory Note remains unpaid.

Defendants' only defenses or counterclaims to payment of the Promissory Note appear to be the defenses previously discussed in reference to Defendants' liability for the franchise fees and advertising fees. The Court has rejected those defenses. Defendants have not produced any other evidence demonstrating a genuine issue of material fact regarding liability on the Promissory Note or SRC's entitlement to payments under the Promissory Note. The Court, therefore, believes that Defendants have not satisfied their burden of showing that a genuine issue for trial exists. The Court concludes, consequently, that SRC is entitled to summary judgment in its favor on the Promissory Note in the amount of $1,223.75.

The Court believes, however, that only Defendant Burch, as an individual, is liable to SRC on the Promissory Note. The parties executed the Promissory Note in satisfaction of the franchise and advertising fees due and owing SRC from the Lenoir Mall store through December 31, 1985. Although the terms of the Promissory Note provide that the makers of the Promissory Note would be jointly and severally liable, the signature of Defendant Burch, as an individual, is the only signature that appears on the Promissory Note. No person appearing as a representative of RSB, however, signed the Promissory Note and Defendant Burch's signature fails to reveal that she was acting on behalf of RSB. The Court, therefore, concludes that Defendant Burch is liable in her individual capacity on the Promissory Note, but that Defendant RSB is not liable on the Promissory Note. See N.C.Gen.Stat. § 25–3–401 (1986); N.C. Gen.Stat. § 25–3–403(2) (1986).

### D. SRC's Claim for Payment of Products Sold to Defendants

In his Order, Judge Wooten also concluded that SRC was entitled to summary judgment in its favor on its claim for payment of products valued at $1,179.84 allegedly purchased by Defendants at the Lenoir Mall store. In his Order, Judge Wooten failed specifically to dispose of SRC's Motion for Summary Judgment for the payment for products valued at $707.62 ordered and delivered to the Catawba Mall store. The transcript of the hearing before Judge Wooten, however, reveals that the Bankruptcy Court included in the grant of summary judgment the amount claimed by SRC in connection with products delivered to the Catawba Mall store.

In the Answer, Defendants rely on the two previously discussed defenses and counterclaims to deny liability to SRC for the payment for the products allegedly delivered to Defendants at the Lenoir Mall store and the Catawba Mall store. Defendants have not attempted to amend the Answer. Further, Defendants did not raise at the hearing before the Bankruptcy Court any new defenses to SRC's claim for payment for products delivered to Defendants.

In Defendants' Objections to the May 19, 1989 Order, however, Defendants rely upon Defendant Burch's deposition testimony to deny liability to SRC. Defendants claim that Defendants did not receive the products allegedly delivered to the Catawba Mall store. Defendants concede to receiving a portion of the products allegedly de-

livered to the Lenoir Mall store, but claim that Defendants did not receive the remaining portion of the products for which SRC now seek payment.

After a review of the entire record and the applicable law, the Court believes that Defendants should be precluded from now raising the defense that Defendants did not receive the products allegedly delivered to them. Rule 12(b) of the Federal Rules of Civil Procedure provides that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading." F.R.Civ.P. 12(b). The Court views the defense of non-receipt of the products allegedly delivered to be a defense in fact to SRC's claim for relief. Defendants, however, failed to raise the defense of non-receipt of the products in the Answer. Defendants have failed to file in the Bankruptcy Court or in this Court a motion to amend its Answer to include the defense of non-receipt of the products.

Even if Defendants now filed a motion to amend its Answer to include the defense of non-receipt of the products allegedly delivered to Defendants, the Court at this time would not allow an amendment to the Answer. As previously noted, the Pre-trial Order in this case filed on November 4, 1988, clearly requires the parties to complete all amendments to the pleadings within fourteen days of the filing of the Pre-trial Order. The time for filing any motions to amend the pleadings long since has expired. Moreover, the parties completed discovery in February 1989. If the Court allowed Defendants now to offer the defense of non-receipt of the products, the Court would have to reopen discovery to allow SRC to inquire into Defendants' new defense and to prevent any prejudice to SRC. Further, Defendants have been represented by counsel throughout this litigation. Defendants, however, have failed to offer the Court any explanation why Defendants have failed previously to raise this defense before the Bankruptcy Court. Based upon a review of the record, the Court believes that the interests of justice do not require the Court to allow Defendants to raise at such a late date in the litigation the defense of non-receipt of the products.

The Court believes that because the Court already has determined that SRC is entitled to summary judgment as a matter of law on Defendants' only defenses and counterclaims, SRC is entitled to summary judgment on its claim for payment for products delivered to Defendants at both the Catawba Mall store and the Lenoir Mall store. The Court, consequently, shall grant summary judgment in SRC's favor in the amount of $1,887.46 for the payment for products delivered to Defendants at both the Catawba Mall store and the Lenoir Mall store. Defendants shall be jointly and severally liable in the amount of $1,179.84 for the payment of products delivered to the Lenoir Mall store. Only Defendant RSB, however, shall be liable in the amount of $707.62 for the payment of products delivered to the Catawba Mall store.

### E. Order of the Court

NOW, THEREFORE, IT IS ORDERED that:

1. SRC's Motion for Summary Judgment on its claim for the payment of franchise fees and advertising fees is GRANTED. SRC is entitled to judgment in its favor against Defendants and Defendants are jointly and severally liable on SRC's claim for franchise fees and advertising fees accruing from January 1, 1986, to the present at the Lenoir Mall store. SRC is entitled to judgment in its favor against Defendant RSB and Defendant RSB is liable to SRC on its claim for franchise fees and advertising fees accruing from January 1, 1986, to the present at the Catawba Mall store. The issue of the amount of franchise fees and advertising fees owed by Defendants is recommitted to the Bankruptcy Court for further proceedings consistent with this Order.

2. SRC's Motion for Summary Judgment on its claim for payment on the Promissory Note is GRANTED. SRC is entitled to judgment in its favor against Defendant Burch and Defendant Burch is liable to SRC in the amount of $1,223.75 on the Promissory Note.

3. SRC's Motion for Summary Judgment on its claims for payment for products ordered and received by Defendants at

the Catawba Mall store and the Lenoir Mall store is GRANTED. SRC is entitled to judgment in its favor against Defendants and Defendants are jointly and severally liable in the amount of $1,179.84 for the payment for products delivered to the Lenoir Mall store. SRC is entitled to judgment in its favor against Defendant RSB and Defendant RSB is liable in the amount of $707.62 for the payment for products delivered to the Catawba Mall store.

4. Defendants' counterclaims against SRC are DISMISSED WITH PREJUDICE.

5. Defendants' Motion to Amend Answer and Counterclaim is DENIED.

Because the Bankruptcy Court must determine the amount of recovery on SRC's claim for franchise fees and advertising fees, the Court will defer the preparation of a Judgment until all the claims in this action fully have been adjudicated.

IT IS ORDERED, FURTHER, THEREFORE, that the Clerk of the Bankruptcy Court notify this Court in writing when the Bankruptcy Court has determined the amount of recovery on SRC's claim for franchise fees and advertising fees so that this Court promptly may prepare a Judgment in this matter.